

# NUMBERS 13-26-00361-CV, 13-26-00362-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

**MARIO LINAN AND NORMA LINAN,**                           **Appellants,**

**v.**

**CITY OF SAN BENITO, TEXAS,**                           **Appellee.**

## ON APPEAL FROM THE 404TH DISTRICT COURT
## OF CAMERON COUNTY, TEXAS

# MEMORANDUM OPINION

**Before Justices Pena, West, and Fonseca**
**Memorandum Opinion by Justice West**

On June 18, 2026, this Court issued a memorandum opinion and judgment dismissing these appeals for want of jurisdiction. *See Linan v. City of San Benito, Tex.*, No. 13-26-00361-CV, 2026 WL 1752784, at *1 (Tex. App.—Corpus Christi–Edinburg June 18, 2026, no pet. h.) (mem. op.). On June 23, 2026, appellants Mario Linan and Norma Linan filed a motion for rehearing, and on June 29, 2026, appellee City of San

Benito, Texas (City) filed a response thereto. We deny the motion for rehearing, but we withdraw our June 18, 2026 memorandum opinion and judgment, and we substitute the following memorandum opinion and accompanying judgment in their place.

On May 1, 2026, appellants filed notices of appeal in our appellate cause numbers 13-26-00361-CV and 13-26-00362-CV assailing: (1) an order signed on May 5, 2021, granting the City's plea to the jurisdiction as to appellants' negligence claim; and (2) an order signed on February 11, 2026, granting the City's plea to the jurisdiction regarding appellants' constitutional takings claim.[1] We address both appellate causes in this single memorandum opinion in the interest of judicial efficiency and economy. We dismiss the appeals for lack of jurisdiction.

"A timely notice of appeal is an essential prerequisite for the appellate court's jurisdiction." *Mitschke v. Borromeo*, 645 S.W.3d 251, 253 (Tex. 2022); *see Abraham v. Hernandez*, 705 S.W.3d 416, 423 (Tex. App.—El Paso 2024, no pet.). A notice of appeal is generally required to be filed within thirty days after the judgment is signed. *See* TEX. R. APP. P. 26.1. This deadline may be extended to ninety days after the judgment is signed if the appellant files a timely motion for new trial. *See id.* R. 26.1(a); TEX. R. CIV. P. 329b(a). A motion for new trial must be filed prior to or within thirty days after the judgment is signed. *See* TEX. R. CIV. P. 329b(a); *In re Moran*, 635 S.W.3d 394, 401 (Tex. App.—Beaumont 2021, orig. proceeding).

On May 6, 2026, the Clerk of the Court notified appellants that it appeared that

---

[1] The orders that appellants provided with their notices of appeal stated that they were signed on May 5, 2021, and February 11, 2022. The trial court later signed a nunc pro tunc order correcting the date of the February 11, 2022 order to reflect that it was signed on February 11, 2026.

their appeals were not timely perfected. *See* TEX. R. APP. P. 26.1, 37.1, 42.3(a). The Clerk advised appellants that the appeals would be dismissed if the defects were not corrected within ten days of receipt of the notices. Appellants did not respond to the Clerk's directive or otherwise correct the defects in their notices of appeal.

Here, the trial court signed the final judgment on February 11, 2026. The deadline for appellants to file a motion for new trial was thirty days after the judgment was signed, or March 13, 2026. *See* TEX. R. CIV. P. 329b(a). However, appellants did not file their motion for new trial until March 18, 2026. Because appellants' motion for new trial was not timely filed, it did not extend the deadline to file a notice of appeal. *See* TEX. R. APP. P. 26.1(a)(1) (providing a ninety-day deadline for a notice of appeal if a timely motion for new trial is filed); *State Off. of Risk Mgmt. v. Berdan*, 335 S.W.3d 421, 427–28 (Tex. App.—Corpus Christi–Edinburg 2011, pet. denied) ("An untimely filed motion for new trial does not extend the deadline for appeal."); *see also Armstrong v. Royal Affairs Ballroom, LLC*, No. 02-25-00500-CV, 2025 WL 3181156, at *1 (Tex. App.—Fort Worth Nov. 13, 2025, pet. denied) (mem. op.). Therefore, appellants' notice of appeal was due within thirty days after the judgment was signed, or, on or before March 13, 2026. The notice of appeal was not filed until May 1, 2026. When a notice of appeal is not timely filed, as in this case, we must dismiss the appeal for lack of jurisdiction. *See In re J.J.R.*, 599 S.W.3d 605, 610 (Tex. App.—El Paso 2020, no pet.); *In re L.G.*, 517 S.W.3d 275, 277 (Tex. App.—San Antonio 2017, pet. denied) (per curiam); *Baker v. Baker*, 469 S.W.3d 269, 272 (Tex. App.—Houston [14th Dist.] 2015, no pet.).

The Court, having examined and fully considered the documents on file and the

applicable law, is of the opinion that appellants' notices of appeal were not timely filed.

Accordingly, we dismiss the appeals for lack of jurisdiction. *See* TEX. R. APP. P. 42.3(a).

JON WEST
Justice

Delivered and filed on the
9th day of July, 2026.